**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 95-5764

STAFFORD MARK COX, a/k/a Mark,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-95-143-A)

Submitted: June 20, 1996

Decided: July 17, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

E. Blair Brown, BROWN & STAMBAUGH, Alexandria, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Michael E.
Rich, Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Stafford Mark Cox appeals the 168-month sentence he received after his guilty plea to four counts of crack cocaine distribution, 21 U.S.C.A. § 841 (West 1981 & Supp. 1996). Cox went to trial on three additional charges: attempted distribution of 62 grams of crack on October 26, 1994 (Count 5), assault on a federal officer (Count 6), and using and carrying a firearm during a drug trafficking offense (Count 7). The district court granted Cox's motion for acquittal on all three counts. Nonetheless, Cox contends on appeal that the district court dismissed Count 5 on the government's motion rather than granting his acquittal motion, and erred in doing so. He also argues that the court clearly erred in considering the 62 grams of crack charged in Count 5 as relevant conduct in sentencing him. United States Sentencing Commission, Guidelines Manual , §§ 1B1.3, 2D1.1 (Nov. 1994). We affirm.

Cox sold crack to an undercover officer on four occasions. A fifth sale was arranged at which Cox was to be arrested. Cox met the agent at a gas station but, while the transaction was in progress, he noticed the arrest team moving in and he escaped, ramming the agents' van and another car in the process. A firearm was found that night near the gas station along the route Cox took. A plastic bag containing 62 grams of crack (the amount negotiated) was found in the same area the next day.

The district court found that the evidence was insufficient to sustain convictions for assault or for using and carrying a firearm. The record discloses that the district court granted the defense motion to acquit on Count 5 as well, although it found that the government had produced enough evidence to submit the charge of attempted distribution to the jury. Because Cox had already pled guilty to four counts of distribution, the government agreed that there was little practical reason to proceed on the additional count of attempted distribution and did not oppose the motion to acquit.

Cox challenges the district court's finding that the government made a prima facie case of attempted distribution. The question is of

2

no import because the court granted the motion to acquit. Cox also contends that the negotiated 62 grams of crack should not have been considered as relevant conduct because the attempted distribution was not shown by a preponderance of the evidence. The 62 grams was properly considered as relevant conduct simply because there was unrefuted evidence that Cox agreed to sell that amount to the agent. USSG § 2D1.1, comment. (n.12).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3